UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOUAN JACKSON,

        Plaintiff,

v.                                         ACTION NO. 2:25cv15

JENNIFER LOPEZ, et al.,

        Defendants.

**DISMISSAL ORDER**

This matter is before the court to address pro se Plaintiff's second application to proceed in forma pauperis ("Second IFP Application"), Plaintiff's E-Noticing Registration Request for Pro Se Litigants ("E-Noticing Request"), and Plaintiff's Motion for Leave to Conduct Early Deposition.

**I.  Plaintiff's Second IFP Application**

Plaintiff initiated this action by filing an application to proceed in forma pauperis ("First IFP Application"), along with a proposed Complaint and a proposed E-Noticing Request.[1]  First IFP

---

[1] In addition to the instant action, Plaintiff filed eleven other lawsuits in this court. See Jackson v. Graham, No. 2:25cv6 (E.D. Va. Jan. 3, 2025); Jackson v. Adkins, No. 2:25cv7 (E.D. Va. Jan. 3, 2025); Jackson v. Moore, No. 2:25cv8 (E.D. Va. Jan. 3, 2025); Jackson v. Ali, No. 2:25cv9 (E.D. Va. Jan. 3, 2025); Jackson v. Gamble, No. 2:25cv10 (E.D. Va. Jan. 3, 2025); Jackson v. Arnold, No. 2:25cv11 (E.D. Va. Jan. 3, 2025); Jackson v. MQ3 "Shadie Centinnial, Tifany", No. 2:25cv12 (E.D. Va. Jan. 3, 2025); Jackson v. Norwood, No. 2:25cv13 (E.D. Va. Jan. 3, 2025); Jackson v. Ray J, No. 2:25cv14 (E.D. Va. Jan. 3, 2025); Jackson v. Destiny's

Appl., ECF No. 1; Proposed Compl., ECF No. 1-1; Proposed E-Noticing Req., ECF No. 1-3. Plaintiff later filed a Motion for Leave to Conduct Early Deposition. Mot. Leave Conduct Early Dep., ECF No. 3-2.

Upon review, the court determined that Plaintiff's First IFP Application was deficient. Order at 2, ECF No. 2. The First IFP Application provided very little information regarding Plaintiff's financial situation, and the information that was provided appeared to be internally inconsistent and unreliable. Id. As a result, the court denied Plaintiff's First IFP Application and ordered Plaintiff to either pay the requisite fees or submit another IFP Application to the court for consideration within twenty-one days. Id. at 3.

Plaintiff timely filed a Second IFP Application. Second IFP Appl., ECF No. 3. Based on the financial information set forth in the Second IFP Application, the court is satisfied that Plaintiff qualifies for in forma pauperis status. Accordingly, Plaintiff's Second IFP Application, ECF No. 3, is **GRANTED**, and the Clerk is **DIRECTED** to file Plaintiff's Complaint, E-Noticing Request, and Motion for Leave to Conduct Early Deposition.

---

Child, No. 2:25cv46 (E.D. Va. Jan. 17, 2025); Jackson v. Grande, No. 2:25cv47 (E.D. Va. Jan. 17, 2025). All of Plaintiff's lawsuits contain allegations that various recording artists, record labels, and music companies infringed upon Plaintiff's copyrighted materials.

## II. Plaintiff's E-Noticing Request

In his E-Noticing Request, Plaintiff: (i) provided the requisite contact information; (ii) consented to receiving notice of filings pursuant to Rule 5(b) of the Federal Rules of Civil Procedure via the court's electronic filing system; (iii) waived service and notice by first class mail of all electronically filed documents, to include orders and judgments; (iv) agreed to be responsible for immediately notifying the court in writing of any change of e-mail address; and (v) agreed to register for a PACER account. E-Noticing Request at 1. Plaintiff has complied with all of the court's registration requirements. Accordingly, Plaintiff's E-Noticing Request is **GRANTED**.

## III. Plaintiff's Complaint[2]

In his Complaint, Plaintiff characterizes himself as "an independent songwriter" who has copyrighted some of his original works, including songs titled, "Assumptions Day" and "Made a Champion." Compl. at 2-3, 228-43. Plaintiff alleges that in 1997, i.e., approximately 28 years ago, Plaintiff "submitted a demo containing four original songs, including 'Assumptions Day' and 'Made a Champion,' directly to Rodney Jerkins at his studio in

---

[2] As an initial matter, the court notes that Plaintiff's Complaint is 257 pages in length and fails to comply with the pleading standards set forth in the Federal Rules of Civil Procedure. See Compl. at 1-257; see also Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 8(d); Fed. R. Civ. P. 10(b).

3

Virginia Beach, Virginia." Id. at 6-7. Plaintiff alleges that over the course of the next two decades, Rodney Jerkins, Jennifer Lopez, Sean Combs, and others "engaged in the unlawful use, copying, and distribution of [Plaintiff's] original works."[3] Id. at 3; see generally id. at 1-257.

Although the Complaint refers to a host of individuals and/or entities that allegedly infringed upon various works created by Plaintiff, Plaintiff appears to clarify that this litigation focuses on his belief that certain songs performed by Jennifer Lopez and produced by Rodney Jerkins, including "Could This Be Love," "If You Had My Love," "Talk About Us," and "Mad in Love," misappropriated aspects of Plaintiff's songs, "Made a Champion" and "Assumptions Day." Id. at 23 n.8 (summarizing the "[f]ocal [p]oint" to this litigation); see id. at 8, 19 (identifying Rodney Jerkins as the producer of certain Jennifer Lopez songs). For example, Plaintiff claims that Jennifer Lopez's songs rely on "core lyrical and thematic elements" from Plaintiff's song. Id. Specifically, Plaintiff states: "A defining characteristic of this

---

[3] Some of the allegedly infringing songs about which Plaintiff complains in this action were released decades ago. See Compl. at 23-24, 44. However, Plaintiff claims that he did not discover "the extent of the [alleged] infringement" until OpenAI's ChatGPT was released in November of 2022, and Plaintiff could utilize "advanced AI tools" "to analyze and identify patterns of plagiarism that were previously difficult to detect." Id. at 125 n.26.

4

infringement is the repetitive use of the word 'Love' in the song titles and throughout the lyrics." Id.

Throughout the Complaint, Plaintiff provides various charts and summaries to highlight the similarities between his music and the allegedly infringing music. See id. at 1-257. For example, in one such chart, Plaintiff alleges that his song, "Assumptions Day," and Jennifer Lopez's song, "That's the Way," (i) both use the theme of "knowing" something or "being aware of a connection"; (ii) both repeat the phrase "I can" and use the term "anything" to "reflect a shared thematic concept of commitment and sacrifice in love"; (iii) both use the words "give" and "all" "in the context of giving everything in a relationship"; (iv) both use "imagery" that "is focused on emotional connection via the eyes"; and (v) both repeat the words "knowing" and "really love you." Id. at 29-30.

In another chart, Plaintiff alleges that his song, "Made a Champion," and Jennifer Lopez's song, "If You Had My Love," (i) both "rely heavily on questioning themes, particularly the introspective nature of love"; (ii) both "address[] the inner emotional state"; and (iii) both repeatedly use the words "You'd," "You," and "Would you," which Plaintiff considers to be "[l]inguistic echoes [that] suggest derivation."[4] Id. at 44.

---

[4] The court has reviewed all of the other alleged similarities set forth in Plaintiff's 257-page Complaint. However, the court

5

Plaintiff filed the instant action against Rodney Jerkins, Jennifer Lopez, Sean "Diddy" Combs, Bad Boy Records, Work Records, Sony Music Entertainment, and "others" (collectively, "Defendants"). Id. at 1. Plaintiff claims that Defendants engaged in willful copyright infringement. Id. at 1-257. Plaintiff also claims that Defendants engaged in obstruction of justice, fraudulent concealment, wire fraud, mail fraud, and witness tampering, which, along with Defendants' alleged copyright infringement activities, constitute "racketeering activity" in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Id. at 28, 115-16, 184-89.

## IV. The Court's Screening Obligation

When a plaintiff is granted authorization to proceed in forma pauperis, the court is statutorily obligated to dismiss the operative complaint at any time if the court determines that it fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2). In determining whether a complaint states a claim under § 1915(e)(2), courts utilize "the familiar standard for a motion to dismiss" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sweet v. N. Neck Reg'l Jail, 857 F. Supp. 2d 595, 596 (E.D. Va. 2012) (citation omitted). To survive a challenge under Rule 12(b)(6), "a complaint must contain

---

finds that they are akin to the similarities already discussed herein and need not be separately summarized.

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. Id. Instead, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Further, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

A.  **Copyright Infringement**

As an initial matter, the court notes that Plaintiff is no stranger to federal copyright litigation. See Jackson v. Warner Music Grp. Corp., No. 1:23cv10100, 2024 U.S. Dist. LEXIS 104740, at *1-29 (S.D.N.Y. June 11, 2024) (dismissing a copyright infringement action filed by Plaintiff and summarizing Plaintiff's past unsuccessful copyright infringement actions); Jackson v. Destiny's Child, No. 1:23cv10507, 2024 U.S. Dist. LEXIS 103730, at *1-15 (S.D.N.Y. June 11, 2024) (same).

As Plaintiff is by now aware, to state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." Jackson, 2024 U.S. Dist. LEXIS 104740, at *24 (quoting Spinelli v. Nat'l Football League, 903 F. 3d 185, 197 (2d Cir. 2018)); see

<u>Universal Furniture Int'l v. Collezione Europa USA, Inc.</u>, 618 F.3d 417, 428 (4th Cir. 2010). To show infringement, a plaintiff must demonstrate that "(1) the defendant has actually copied the plaintiff's work; <u>and</u> (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's [work]." <u>Jackson</u>, 2024 U.S. Dist. LEXIS 104740, at *24-25 (quoting <u>Abdin v. CBS Broad. Inc.</u>, 971 F.3d 57, 66 (2d Cir. 2020)) (alterations in original). Further, as the United States District Court for the Southern District of New York recently explained to Plaintiff:

> "[C]opyright protections 'extend[ ] only to those components of a work that are original to the author'—that is, those that are 'independently created by [the] author' and 'come[] from the exercise of the creative powers of the author's mind." <u>Montgomery v. NBC Television</u>, 833 F. App'x 361, 364 (2d Cir. 2020) (summary order) (quoting <u>Boisson v. Banian, Ltd.</u>, 273 F.3d 262, 268 (2d Cir. 2001) (alterations in original)). Thus, "[t]he protection that flows from such a copyright is . . . quite limited. The copyright does not protect ideas; it protects only the author's particularized expression of the idea." <u>Mattel, Inc. v. Goldberger Doll Mfg. Co.</u>, 365 F.3d 133, 135-36 (2d Cir. 2004). "[I]solated words, phrases, and concepts lack the originality required for copyright protection." <u>Montgomery</u>, 833 F. App'x at 364. "[I]t is axiomatic that words, short phrases, titles, and slogans are not subject to copyright, even if they can be trademarked." <u>Moody v. Morris</u>, 608 F. Supp. 2d 575, 579 (S.D.N.Y. 2009), <u>aff'd</u>, 407 F. App'x 434 (2d Cir. 2011) (unreported per curiam judgment); <u>Logical Operations Inc. v. 30 Bird Media, LLC</u>, 354 F. Supp. 3d 286, 298 (W.D.N.Y. 2018) ("Single words [and] short phrases . . . are not generally protectible subject matter."); <u>see</u> <u>Arica Inst., Inc. v. Palmer</u>, 970 F.2d 1067, 1072 (2d Cir. 1992) ("single words or short phrases . . . do not exhibit the minimal creativity required for copyright protection");

8

> Salinger v. Random House, Inc., 811 F.2d 90 (2d Cir. 1987) ("a cliche or an 'ordinary' word-combination by itself will frequently fail to demonstrate even the minimum level of creativity necessary for copyright protection"); see also Boone v. Jackson, 206 F. App'x 30, 33 (2d Cir 2006) ("it is well-established that common phrases are not protectable under copyright") (summary order); Jones v. Atl. Records, No. 22-CV-0893 (ALC), 2023 U.S. Dist. LEXIS 152283, 2023 WL 5577282, at *6 (S.D.N.Y. Aug. 29, 2023) (a plaintiff "cannot assert copyright protection over short, common phrases or words"), appeal pending, No. 23-1348 (2d Cir.); We Shall Overcome Found. & Butler Films v. Richmond Org., Inc. (TRO INC.), No. 16-CV-2725 (DLC), 2017 U.S. Dist. LEXIS 146228, 2017 WL 3981311, at *14 (S.D.N.Y. Sept. 8, 2017) ("common phrases lack originality and are not eligible for copyright protection" (citing Acuff-Rose Music, Inc. v. Jostens, Inc., 155 F.3d 140 (2d Cir. 1998))).

Id. at *25-26. The United States District Court for the Southern District of New York further explained to Plaintiff that common or generalized ideas and themes will not be protected by copyright. Id. at *26-27.

Upon review, the court finds that Plaintiff's Complaint falls far short of asserting any plausible copyright infringement claims against Defendants. See Compl. at 1-257. Assuming that Plaintiff owns a valid copyright for "Assumptions Day," "Made a Champion," and/or his other works referenced in the Complaint, the court finds that Plaintiff has not adequately alleged that Defendants infringed upon any of Plaintiff's copyrights. Specifically, the court finds that there is little similarity, let alone substantial similarity, between Plaintiff's songs and the allegedly infringing songs discussed in the Complaint. See id. The court further

finds that any instances of similarity involve common words, phrases, themes, or concepts that do not support a copyright infringement claim. See id.; see also Jackson, 2024 U.S. Dist. LEXIS 104740, at *24-28 (dismissing Plaintiff's copyright infringement claims after finding that any alleged similarities between Plaintiff's work and the defendants' works included only "common words, phrases, and/or themes, which are not copyrightable"); Jackson, 2024 U.S. Dist. LEXIS 103730, at *13-14 (same).[5]

---

[5] The court notes that on June 11, 2024, i.e., shortly before Plaintiff filed twelve copyright infringement actions in this court, the Southern District of New York dismissed a copyright infringement action filed by Plaintiff against the musical group, Destiny's Child, and others, and issued the following warning to Plaintiff:

> **D. Warning**
> This action constitutes the fourth time that Plaintiff has brought a federal-law copyright-infringement action in a federal district court, all of which were unsuccessful. See Jackson, ECF 1:23-CV-10100, 12, at 8-11 (listing litigation history). In light of Plaintiff's litigation history, particularly, Plaintiff's previous two unsuccessful actions filed in the United States District Court for the Eastern District of Virginia, this Court finds that Plaintiff was or should have been aware of the nonmeritoriousness of this action when he filed this action. See Sledge v. Kooi, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court[] warns Plaintiff that if he brings further vexatious, frivolous, or otherwise nonmeritorious copyright-infringement litigation in this [C]ourt, it may result in the Court barring him from filing new federal-law copyright-infringement civil actions in this court IFP

## B. RICO

"RICO creates civil liability for defendants engaging in 'a pattern of racketeering activity.'" Scott v. WFS Fin., Inc., No. 2:06cv349, 2007 U.S. Dist. LEXIS 3967, at *12 (E.D. Va. Jan. 18, 2007) (citing 18 U.S.C. §§ 1962, 1964). RICO defines "'racketeering activity' . . . as 'any act or threat' involving specified state crimes, such as murder or bribery, or an 'act' indictable under various federal statutes, such as acts relating to extortionate credit transactions, mail fraud, and wire fraud." Singletary v. Sunbit Now, LLC, No. 3:24cv877, 2025 U.S. Dist. LEXIS 163824, at *34-35 (E.D. Va. Aug. 22, 2025). "A plaintiff must allege at least two predicate acts of racketeering to meet the 'pattern' requirement." Scott, 2007 U.S. Dist. LEXIS 3967, at *12. As courts have explained, "[t]he acts must relate to each other and 'amount to or pose a threat of continued criminal activity.'" Singletary, 2025 U.S. Dist. LEXIS 163824, at *35.

To support his RICO claim, Plaintiff alleges that Defendants engaged in unlawful copyright infringement, obstruction of justice, fraudulent concealment, wire fraud, mail fraud, and witness tampering. Id. at 28, 115-16, 184-89. Upon review, the

---

unless he receives prior permission of the court. See 28 U.S.C. § 1651.

Jackson v. Destiny's Child, No. 1:23cv10507, 2024 U.S. Dist. LEXIS 103730, at *14-15 (S.D.N.Y. June 11, 2024).

court finds that Plaintiff's RICO-related allegations are conclusory in nature, factually unsupported, and fail to plausibly show that Defendants engaged in a pattern of racketeering activity, as required to state a valid RICO claim. See id. at 1-257; see also Scott, 2007 U.S. Dist. LEXIS 3967, at *12; Baldino's Lock & Key Serv. v. Google, Inc., 88 F. Supp. 3d 543, 549 (E.D. Va. 2015) (explaining that "the [c]ourt is not bound to accept 'a legal conclusion couched as a factual allegation'" (citation omitted)).

C. **Summary**

After a thorough review of Plaintiff's Complaint, the court finds that the allegations asserted therein fail to state any plausible claims for relief against Defendants. Therefore, the court further finds that it is obligated to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Under these particular circumstances, and considering Plaintiff's history of filing "vexatious, frivolous, or otherwise nonmeritorious" litigation, the court finds that it would be futile to authorize the filing of an amended complaint. See Jackson, 2024 U.S. Dist. LEXIS 103730, at *14-15. Accordingly, the court hereby **DISMISSES** this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[6]

---

[6] In light of the court's dismissal of this action, Plaintiff's Motion for Leave to Conduct Early Deposition is **DISMISSED as moot.**

12

## V. Conclusion

For the reasons set forth above, Plaintiff's Second IFP Application is **GRANTED**; the Clerk is **DIRECTED** to file Plaintiff's Complaint, E-Noticing Request, and Motion for Leave to Conduct Early Deposition; Plaintiff's E-Noticing Request is **GRANTED**; the Clerk is **DIRECTED** to add Plaintiff's e-mail address to the docket of this matter; this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and Plaintiff's Motion for Leave to Conduct Early Deposition is **DISMISSED as moot**.

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days from the date of entry of this Dismissal Order.

In addition to the instructions set forth above, the Clerk is **DIRECTED** to docket this Dismissal Order in the court's electronic filing system. The electronic filing system will automatically generate an e-mail message containing a Notice of Electronic Filing, with a hyperlink to this Dismissal Order, that will be sent to the e-mail addresses of all individuals who have registered to receive electronic filings in this case, including Plaintiff.

IT IS SO **ORDERED**.

October 31, 2025

/s/ Rebecca Beach Smith
Rebecca Beach Smith
Senior United States District Judge